UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| William M. Hash,<br><br>      Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC.,<br>      Defendant. | 1:10-cv-0725 RLY-JMS |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**I.   Introduction**

1. This is an action for actual, punitive, and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

**II.   Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**III.   Parties**

4. Plaintiff in this case is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana.

5. Defendant in this case, Portfolio Recovery Associates, LLC. (hereinafter referred to as "PRA"), is a "debt collector" as that term is defined by the FDCPA, and is attempting to collect a debt on behalf of Sterling Jewelers and Osterman Jewelers. PRA is a corporation organized under the laws of the State of Delaware whose principal business address is 120 Corporate Blvd., Suite 100, Norfolk, VA 23502, and is licensed to do business in Indiana.

**IV.   Factual Allegations**

6. PRA is a debt collection agency attempting to collect a debt from Plaintiff

7. Plaintiff incurred a debt to Sterling Jewelers and Osterman Jewelers at some point in 1989.

8. Sometime between 1989 and 2010, Sterling Jewelers and Osterman Jewelers acquired the debt collection services of PRA.

9. Plaintiff has made no contact with either Sterling Jewelers, Osterman Jewelers, or Defendant regarding the payment of any debt.

10. On February 5, 2010, Plaintiff received a letter from PRA in connection with the collection of a debt allegedly owed to Sterling Jewelers and Osterman Jewelers.

## V. First Claim for Relief:
## Violation of the FDCPA

11. The allegations of Paragraphs 1 through 10 of the complaint are realleged and incorporated herewith by references.

12. Pursuant to Indiana Code § 34-11-1-2, a party cannot bring a cause of action more than ten (10) years after the action arises. Here, Defendant is trying to collect a debt which arose in 1989. Additionally, I.C. § 34-11-2-9 requires six (6) years for promissory notes, bills of exchange, or written contracts for payment of money.

13. Defendant contacted Plaintiff more than twenty (20) years after the debt arose.

14. Plaintiff has never shown any intent to pay the debt and the only means Defendant could have ever had to collect on the debt would have been to bring a cause of action.

15. Defendant violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, pursuant to 15 U.S.C. § 1692d by sending a letter to a person when there is no present right to a cause of action for the Defendant to enforce collection of the debt.

16. Defendant violated the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by sending a letter trying to collect on a debt that is not actionable because of Indiana's statute of limitations on such matters.

17. Defendant violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt, pursuant to 15 U.S.C § 1692f by sending a

letter to a party who had shown no want or desire to pay a debt for over 20 years.

18. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000, attorney fees, and costs.

WHEREFORE, Plaintiff, having set forth his claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recovers against Defendant a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recovers against Defendant a sum to be determined in the form of punitive damages;

4. That Plaintiff has and recovers against Defendant all reasonable legal fees and expenses incurred by the attorney;

5. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Debtor/Plaintiff
6229 S. East St., Ste. A
Indianapolis, IN 46227
Office: (317) 782-9800
Fax: (317) 782-9812